# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

                                                   Civil No. 16-330-DRH-DGW

CRYSTAL M. WADE, ILLINOIS
HOUSING DEVELOPMENT AUTHORITY,
and CITY OF HERRIN.,

    Defendants,

**HERNDON, District Judge:**

This cause is before the Court on the pending Motion for Default Judgment (Doc. 24). For the reasons stated herein, the motion is **DENIED**. Additionally, the Illinois Housing Development Authority's ("IHDA") untimely answer (Doc. 22) and affidavit of amounts due (Doc. 23) are **STRICKEN.** IHDA has until **September 16, 2016,** in which to file a Motion to Set Aside the Entry of Default.

Plaintiff is seeking entry of default judgment as to defendants Crystal M. Wade, IHDA, and the City of Herrin. After reviewing the record, it is evident that default judgment is not appropriate as to all of these defendants. In so holding, the Court notes the following:

- The City of Herrin filed an answer on May 20, 2016 (Doc. 9).
- Entry of default was filed as to IHDA and Crystal M. Wade (but not the City of Herrin) on May 25, 2016 (Doc. 13).

- IHDA filed an answer and an affidavit of amounts due on July 27, 2016 (Doc. 22 and Doc. 23). IDHA did not seek leave to file these pleadings and did not file a motion to set aside the Clerk's entry of default. The USA did not file a motion to strike IHDA's untimely pleadings.

Considering the above, the USA's motion for default judgment is **DENIED** without prejudice.

As noted above, IHDA filed an untimely answer without seeking leave of court and without addressing the default order. Before IHDA can answer or otherwise plead, the entry of default must be addressed. As such, the answer and affidavit of amounts due are **STRICKEN.**

Rule 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

Accordingly, IHDA must motion the Court to set aside the entry of default and must demonstrate good cause pursuant to Rule 55(c). IHDA has until

**September 16, 2016,** in which to file a Motion to Set Aside the Entry of Default and seek leave to answer or otherwise plead.

**IT IS SO ORDERED.**

Signed this 8th day of September, 2016.

Judge Herndon
2016.09.08
11:44:09 -05'00'

**United States District Court**